UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON MCMAHON, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, N.A.; SELECT PORTFOLIO SERVICING, INC.; and DOES 1 through 20 inclusive,<br><br>　　　　Defendants. | No.  2:16-cv-1459-JAM-KJN<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO DEFENDANTS TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION** |

　　This matter is before the Court on Plaintiff Gordon McMahon's ("Plaintiff") ex parte application for a temporary restraining order ("TRO") and order to show cause regarding preliminary injunction ("Motion") (Doc. #3).[1] The record is confined to the allegations Plaintiff makes in his Complaint (Doc. #1) and his Motion and the opposition (Doc. #6) submitted by defendants JPMORGAN CHASE BANK, N.A. and Select Portfolio Servicing, Inc. ("SPS") (collectively "Defendants").  On this

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  No hearing was scheduled.

1

limited record, and as explained below, the Court grants Plaintiff's motion for a TRO.

## I. FACTUAL ALLEGATIONS

In April 2005, Plaintiff executed a promissory note in the amount of $416,600.00 that was secured by a deed of trust encumbering real property located at 304 Seawind Drive in Vallejo, California ("Subject Property"). Plaintiff defaulted under the terms of his loan on September 1, 2007. A notice of default was recorded on September 8, 2010.

Plaintiff has submitted at least four loan modification applications since default. Plaintiff alleges that his loan servicers failed to review any of these applications in good faith. His current loan servicer, SPS, invited him to submit a fifth loan modification application on April 26, 2016. By letter dated June 20, 2016, SPS acknowledged that Plaintiff had requested mortgage assistance but stated that Plaintiff had no available options. Also on June 20, 2016, Plaintiff mailed his fifth loan modification application to SPS. The application discusses a material change in Plaintiff's circumstances. SPS received Plaintiff's application on June 21, 2016. Plaintiff submitted additional documents, as requested by SPS, on June 22, 2016. Plaintiff is not aware if the June 20, 2016 SPS letter was in response to Plaintiff's fifth loan modification application. The letter fails to provide a reason for the denial or a 30-day period to appeal SPS's decision.

SPS is scheduled to conduct a foreclosure sale on the subject property on June 29, 2016. In light of the pending

2

1  foreclosure sale, Plaintiff requests a TRO to "allow a good
2  faith review of his loan modification application to prevent an
3  unnecessary foreclosure of his family home." Mot. at 3.
4  Plaintiff's counsel emailed SPS's agent about Plaintiff's ex
5  parte Motion. SPS filed an opposition (Doc. #6).

## II. OPINION

### A. Legal Standard

Federal Rule of Civil Procedure ("Rule") 65 provides authority to issue either preliminary injunctions or TROs. A plaintiff seeking a preliminary injunction must demonstrate that he is "[1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)). The requirements for a TRO are the same. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A party seeking an ex parte TRO must "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). Ex parte TROs are appropriate only when necessary to prevent irreparable harm and should be imposed only "so long as is necessary to hold a hearing." Granny Goose Foods,

1  Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of
2  Alameda Cty., 415 U.S. 423, 439 (1974).
3       Local Rule 231(b) states that courts "will consider whether
4  the applicant could have sought relief by motion for preliminary
5  injunction at an earlier date without the necessity of seeking
6  last-minute relief by motion for temporary restraining order."
7  If the Court finds that the movant unduly delayed in seeking
8  injunctive relief, "the Court may conclude that the delay
9  constitutes laches or contradicts the applicant's allegations of
10 irreparable injury and may deny the motion solely on either
11 ground."  Local Rule 231(b).
12      B.   Analysis
13           1.   Undue Delay
14      Defendants argue that the TRO should be denied for failure
15 to comply with Local Rule 231(b).  Local Rule 231(b) is
16 discretionary.  Without making any findings as to whether
17 Plaintiff unduly delayed the filing, the Court will not deny the
18 TRO at this point solely on the basis of this procedural rule.
19           2.   Likelihood of Success on the Merits
20      On the same day that he filed this Motion, Plaintiff filed a
21 complaint against Defendants for negligence and violations of the
22 Homeowners Bill of Rights ("HBOR"), the Equal Credit Opportunity
23 Act ("ECOA"), the Real Estate Settlement Procedures Act
24 ("RESPA"), and the California Unfair Competition Law ("UCL").
25 Plaintiff only addressed whether he is likely to succeed on his
26 HBOR claim.  Plaintiff argues that HBOR prevents a loan mortgagor
27 such as SPS from conducting a foreclosure sale while a loan
28 modification application is pending.  Mot. at 5.  California

4

1  Civil Code section 2923.6(c) states "[i]f a borrower submits a
2  complete application for a first lien loan modification offered
3  by, or through, the borrower's mortgage servicer, a mortgage
4  servicer, mortgagee, trustee, beneficiary, or authorized agent
5  shall not . . . conduct a trustee's sale, while the complete
6  first lien loan modification application is pending."  If the
7  application is denied, the borrower has 30 days from the date of
8  denial to appeal the decision.  Cal. Civ. Code § 2923.6(d).

9      On the facts before the Court, Plaintiff submitted a loan
10 modification application on June 20, 2016, that was finalized on
11 June 22, 2016.  SPS sent a letter dated June 20, 2016, that
12 acknowledged Plaintiff had requested mortgage assistance but
13 stated that Plaintiff had no available options.  It's not clear
14 at this point whether SPS's June 20 letter served as a rejection
15 of Plaintiff's June 20 loan modification application.  If SPS's
16 June 20 letter was not a rejection of Plaintiff's latest loan
17 modification application, then HBOR would require SPS to respond
18 to Plaintiff's application.  If the letter was a rejection of
19 Plaintiff's latest loan modification application, HBOR would
20 require thirty days from the date of the written denial to appeal
21 SPS's determination.  Thus, if SPS conducted the foreclosure sale
22 on June 29, 2016, Plaintiff would likely succeed on his HBOR
23 claim.

24         3.   <u>Likelihood of Irreparable Injury</u>

25     As Plaintiff demonstrates, the loss of a plaintiff's
26 residence is considered an irreparable injury. <u>Park Vill.</u>
27 <u>Apartment Tenants Ass'n v. Mortimer Howard Trust</u>, 636 F.3d 1150,
28 1159 (9th Cir. 2011) ("the loss of an interest in real property

1 | constitutes an irreparable injury."); <u>Kilgore v. Wells Fargo Home</u>
2 | <u>Mortgage</u>, 2012 WL 2195656, at *1 (E.D. Cal. June 13, 2012) ("With
3 | respect to irreparable injury, a plaintiff's loss of her
4 | residence is usually sufficient to satisfy this element.").
5 | Plaintiff has therefore demonstrated that he will suffer
6 | irreparable harm if the foreclosure sale is allowed to move
7 | forward on June 29, 2016.
8 |     4.   Balance of the Hardships
9 |     The Court is required to "balance the competing claims of
10 | injury and must consider the effect on each party of the granting
11 | or withholding of the requested relief." <u>Winter v. Nat. Res.</u>
12 | <u>Def. Council, Inc.</u>, 555 U.S. 7, 24 (2008). Plaintiff would
13 | suffer considerable harm by losing his residence if the
14 | foreclosure sale moves forward on June 29, 2016. As for
15 | Defendants, it is likely that SPS has expended at least some
16 | resources in planning for the foreclosure sale. Still, whatever
17 | hardship SPS may incur due to a temporary delay in the sale is
18 | minor compared to the injury Plaintiff would incur by losing his
19 | home. Plaintiff has demonstrated that the balance of hardships
20 | weighs in his favor.
21 |     5.   Public Interest
22 |     Issuing a TRO in this case would be in the public interest.
23 | Foreclosures reap significant social costs. <u>Sharma v. Provident</u>
24 | <u>Funding Associates, LP</u>, 2010 WL 143473, at *2 (N.D. Cal. Jan. 8,
25 | 2010) ("the adverse impact foreclosures have on households and
26 | communities, as well as the societal benefits of home ownership,
27 | demonstrate the strong public interest in preventing unlawful
28 | foreclosures"). And the public benefits by ensuring that a

6

1 | foreclosure sale occurs only after lenders have complied with all
2 | regulations that protect the public from wrongful foreclosures.
3 | <u>Sencion v. Saxon Mortgage Servs., LLC</u>, 2011 WL 1364007, at *3
4 | (N.D. Cal. Apr. 11, 2011) ("it is in the public interest to allow
5 | homeowners an opportunity to pursue what appear to be valid
6 | claims before being displaced from their homes."). Plaintiff has
7 | demonstrated that a TRO would be in the public interest.

8 |       6.   <u>Rule 65(b) Factors</u>

9 | Plaintiff has complied with the requirements of Rule 65(b).
10 | Plaintiff's attorney emailed Norman Rapp, who had been designated
11 | by SPS as the point of contact for Plaintiff, on June 27, 2016 at
12 | 9:50 a.m., informing SPS that Plaintiff would be seeking a TRO.
13 | Mercer Decl. ¶¶ 2-3, Exh. 1 (Doc. #3-2). Additionally, as
14 | described in Section (B)(2) above, immediate and irreparable
15 | injury will result to Plaintiff before SPS could be heard in
16 | opposition given that the foreclosure sale is scheduled for June
17 | 29, 2016.

18 |       7.   <u>Bond</u>

19 | "The court may issue a preliminary injunction or a temporary
20 | restraining order only if the movant gives security in an amount
21 | that the court considers proper to pay the costs and damages
22 | sustained by any party found to have been wrongfully enjoined or
23 | restrained." Fed. R. Civ. Pro. 65(c). District courts have
24 | discretion to set the amount, if any, of such a security bond.
25 | <u>Barahona-Gomez v. Reno</u>, 167 F.3d 1228, 1237 (9th Cir. 1999).
26 | In this case, the Court has no meaningful way to determine
27 | the amount of a bond that would be "proper to pay the costs and
28 | damages sustained" by Defendants. In light of this lack of

7

1 | guidance, the Court will require no bond for the duration of this
2 | TRO.  See also Reed v. Wells Fargo Bank, 2011 WL 1793340, at *7
3 | (N.D. Cal. May 11, 2011) ("Because [Defendant] has a secured
4 | interest in the properties and will be permitted to proceed with
5 | foreclosure if the Court determines that Plaintiffs do not
6 | sufficiently state a claim for relief, the Court does not require
7 | Plaintiffs to post a bond at this time.").  The Court will
8 | revisit what is the appropriate bond amount at the preliminary
9 | injunction hearing.

### 8.  Conclusion

Plaintiff has demonstrated that (1) he is likely to succeed on the merits of at least his HBOR claim; (2) he is likely to suffer irreparable harm without a TRO; (3) the balance of equities tips in his favor; (4) a TRO is in the public interest; and (5) his lawyer abided by the technical requirements of Rule 65(b)(1).  The TRO will be in place for 14 days or until the Court orders otherwise.  Fed. R. Civ. Pro. 65(b)(2).  The Court reiterates that this conclusion is based solely on Plaintiff's allegations and in no way presages the Court's future determination regarding a preliminary injunction.

### III. ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's motion and issues a temporary restraining order that Defendants shall not proceed with a foreclosure sale of the Subject Property for at least 14 days.  The Court further orders Plaintiff to file his motion for a preliminary injunction no later than July 5, 2016.  A hearing on the motion for preliminary

1 | injunction is hereby set for July 12, 2016 at 1:30 p.m.
2 | Defendants must submit any briefings in opposition to a
3 | preliminary injunction by July 8, 2016.  A reply brief may be
4 | submitted by Plaintiff by July 11, 2016.
5 |     IT IS SO ORDERED.
6 | Dated:   June 28, 2016

*(signature)*

JOHN A. MENDEZ,

UNITED STATES DISTRICT JUDGE

9