UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON MCMAHON, an individual;<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, N.A.; SELECT PORTFOLIO SERVICING, INC.; and DOES 1 through 10 inclusive,<br><br>　　　　　Defendants. | No. 2:16-cv-1459-JAM-KJN<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SELECT PORTFOLIO SERVICING'S MOTION TO DISMISS** |

Plaintiff Gordon McMahon ("McMahon") sued Defendant Select Portfolio Servicing ("SPS") and other defendants seeking to save his home from foreclosure. ECF No. 1. SPS moves to dismiss McMahon's First Amendment Complaint ("FAC"), ECF No. 26, with prejudice. ECF No. 30. McMahon opposes the motion. ECF No. 36.[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 4, 2017.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The Court takes the facts alleged by McMahon as true for purposes of this motion.

McMahon obtained a mortgage loan in 2005. FAC ¶ 1. The interest rate and monthly payment increased about two years later, and by the end of 2007, McMahon could not make his mortgage payments. Id.

SPS began servicing McMahon's loan in June 2013. FAC ¶ 49. McMahon submitted his first Request for Mortgage Assistance ("RMA") to SPS two months later. FAC ¶ 52. SPS offered McMahon a Trial Period Plan ("TPP"), but calculated that plan using an incorrect amount for McMahon's monthly income. FAC ¶ 57. McMahon informed SPS of this inaccuracy, and SPS revoked the TPP. FAC ¶ 60. In revoking the TPP, SPS used another inaccurate monthly income. Id. McMahon appealed SPS's denial of his RMA, but SPS never responded to the appeal. FAC ¶ 61.

In May 2015, Keep Your Home California approved McMahon for up to $100,000 in Principal Reduction Program funds. FAC ¶ 84. McMahon submitted an RMA notifying SPS of his change in circumstances. Id. SPS denied the RMA, stating that McMahon's "account would not qualify for another government program such as HAMP." FAC ¶¶ 86, 89.

McMahon submitted another application in June 2016, which SPS did not respond to. FAC ¶¶ 96-97. McMahon then filed this suit against SPS, seeking a temporary restraining order ("TRO") and preliminary injunction. FAC ¶ 98.

The Court granted McMahon's application for TRO on June 29, 2016, enjoining SPS from foreclosing on McMahon's property. ECF

No. 7. On July 11, the Court stayed the case pending the outcome of McMahon's pending RMA. ECF No. 10. SPS denied the application nine days later. FAC ¶ 99. McMahon appealed SPS's denial, and SPS denied the appeal. FAC ¶¶ 100, 101. On August 23, 2016 the Court granted McMahon's motion for preliminary injunction. ECF No. 17

McMahon filed another RMA in November 2016. FAC ¶ 102. SPS denied the application and the appeal. FAC ¶¶ 103, 107. McMahon alleges that over the past four years, SPS has failed to appropriately consider his loan modification applications and otherwise comply with the law. FAC ¶ 108.

McMahon brings six causes of action against SPS in his FAC: (1) violation of the Homeowners Bill of Rights ("HBOR") at California Civil Code § 2924.12, (2) violation of the Equal Credit Opportunity Act ("ECOA") at 15 U.S.C. § 1691(d)(1), (3) violation of the Real Estate Settlement Procedures Act ("RESPA"), Regulation X at 12 C.F.R. § 1024.41, (4) violation of Regulation X at 12 C.F.R. §§ 1024.35, 1024.36, (5) negligence, and (6) violation of California Business and Professions Code § 17200.

## II. OPINION

### A. Request for Judicial Notice

SPS asks the Court to take judicial notice of eight documents submitted with its motion to dismiss. ECF No. 31. The first seven documents concern the real property at issue and are recorded with the Solano County Recorder's Office. Request for Judicial Notice ("RJN") at 2-3. The Court may take judicial

No. 7. On July 11, the Court stayed the case pending the outcome of McMahon's pending RMA. ECF No. 10. SPS denied the application nine days later. FAC ¶ 99. McMahon appealed SPS's denial, and SPS denied the appeal. FAC ¶¶ 100, 101. On August 23, 2016 the Court granted McMahon's motion for preliminary injunction. ECF No. 17

McMahon filed another RMA in November 2016. FAC ¶ 102. SPS denied the application and the appeal. FAC ¶¶ 103, 107. McMahon alleges that over the past four years, SPS has failed to appropriately consider his loan modification applications and otherwise comply with the law. FAC ¶ 108.

McMahon brings six causes of action against SPS in his FAC: (1) violation of the Homeowners Bill of Rights ("HBOR") at California Civil Code § 2924.12, (2) violation of the Equal Credit Opportunity Act ("ECOA") at 15 U.S.C. § 1691(d)(1), (3) violation of the Real Estate Settlement Procedures Act ("RESPA"), Regulation X at 12 C.F.R. § 1024.41, (4) violation of Regulation X at 12 C.F.R. §§ 1024.35, 1024.36, (5) negligence, and (6) violation of California Business and Professions Code § 17200.

## II. OPINION

### A. Request for Judicial Notice

SPS asks the Court to take judicial notice of eight documents submitted with its motion to dismiss. ECF No. 31. The first seven documents concern the real property at issue and are recorded with the Solano County Recorder's Office. Request for Judicial Notice ("RJN") at 2-3. The Court may take judicial

notice of publically recorded documents. <u>Sullivan v. JP Morgan Chase Bank, N.A.</u>, 725 F. Supp. 2d 1087, 1091 (E.D. Cal. 2010). The eighth document is McMahon's First Amended Complaint in the case he filed in superior court in December 2014. RJN at 3. A district court may take judicial notice of records in a state court case. <u>Simpson v. Best W. Int'l, Inc.</u>, 2012 WL 5499928, at *1 (N.D. Cal. Nov. 13, 2012). The Court therefore grants SPS's request for judicial notice in full.

B. <u>Analysis</u>

1. <u>First Cause of Action</u>

California Civil Code § 2924.12 permits a borrower to bring a lawsuit based upon a violation of the HBOR "[a]fter a trustee's deed upon sale has been recorded" if "actual economic damages . . . result[ed] from a material violation of [s]ection[s] . . . 2923.55, 2923.6 . . . or 2924.17." Cal. Civ. Code § 2924.12(b). Under his first cause of action, McMahon alleges SPS has violated §§ 2923.55, 2923.6, and 2924.17.

a. <u>California Civil Code § 2923.55</u>

Section 2923.55 states that a servicer may not record a notice of default until after the servicer sends the borrower a statement notifying the borrower that he may request a copy of the promissory note, deed of trust, any assignment, and payment history. Cal. Civ. Code § 2923.55(b)(1)(B).

SPS argues McMahon has not plead a § 2923.55 claim because he has not alleged that a *material* violation occurred. Mot. at 4. McMahon does not point to any allegation in the FAC indicating how any alleged violation of § 2923.55 was material.

Because the need to plead materiality is evident from the

4

face of statute, McMahon has already amended his complaint once, and McMahon brought similar claims in his state court case, the Court finds that granting leave to further amend the complaint would be futile. Centeno v. Wilson, 2010 WL 1980157, at *1 (E.D. Cal. May 17, 2010) ("[L]eave to amend may be denied if it appears to be futile."). The Court therefore dismisses McMahon's § 2923.55 claim with prejudice.

### b. California Civil Code § 2923.6

Section 2923.6(c) states that a servicer cannot record a notice of default or a notice of trustee's sale while a complete first lien loan modification is pending. Cal. Civ. Code § 2923.6(c). Section 2923.6(f)(2) states that "[f]ollowing the denial of a first lien loan modification application, the mortgage servicer shall send a written notice to the borrower identifying the reasons for the denial, including . . . [i]f the denial was based on investor disallowance, the specific reasons for the investor disallowance." Cal. Civ. Code § 2923.6(f)(2).

SPS argues it did not violate § 2923.6 because "the operative Notice of Trustee's Sale was recorded on June 6, 2016," before McMahon sent in his loan application. Mot. at 5.

McMahon does not address SPS's argument in his opposition brief, nor does he indicate in the FAC when the alleged § 2923.6 violation occurred. McMahon does not clarify whether any § 2923.6 violation occurred in the context of the June 6, 2016 Notice of Trustee's Sale or at some other point. The Court dismisses McMahon's § 2923.6(c) claim with prejudice.

### c. California Civil Code § 2924.17

Section 2924.17(a) requires that any document filed in the

context of a foreclosure proceeding "shall be accurate and complete and supported by competent and reliable evidence." Cal. Civ. Code § 2924.17(a). McMahon alleges SPS violated § 2924.17 because it "failed to ensure Plaintiff's loan is subject to the [Pooling and Servicing Agreements ("PSA")] in question, because the PSA lacks Exhibit B, which identifies the loans subject into the PSA in question." FAC at 20.

SPS argues "Plaintiff's allegations . . . are predicated on his challenge to ownership of the loan. However, Section 2924.17 does not pertain to authority to foreclose, but rather to declarations substantiating the default precipitating the foreclosure." Mot. at 6.

McMahon does not respond to this argument in his opposition. McMahon also does not clarify which document was inaccurate or incomplete or indicate how any alleged § 2924.17 violation was material. McMahon cannot go forward on this claim with such vague allegations, and he has not indicated that he has any more specific allegations to support this claim. The Court dismisses McMahon's § 2924.17 claim with prejudice.

### 2. Second Cause of Action

McMahon brings his second claim under 15 U.S.C. § 1691(d)(1), which states "[w]ithin thirty days . . . after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application." FAC at 20. However, the ECOA's notice requirements do not apply to a creditor's "refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default." Vasquez v. Bank of Am., N.A., 2013 WL 6001924, at

*12 (N.D. Cal. Nov. 12, 2013) (quoting 15 U.S.C. § 1691(d)(6)). Exhibit C to SPS's RJN shows McMahon defaulted on his mortgage in September 2010. Exh. C to RJN. Accordingly, the ECOA notice requirements do not apply here, and the Court dismisses McMahon's second cause of action with prejudice.

### 3. Fourth Cause of Action[2]

McMahon alleges SPS violated Regulation X of RESPA because SPS "failed to evaluate and make a determination on each of Plaintiff's [RMAs][3] within thirty days and failed to acknowledge that Plaintiff's application was complete or . . . provide an incomplete information notice." FAC § 145.

Regulation X states:

> (i) If a servicer receives a loss mitigation application [the] servicer shall . . .
>
> (B) Notify the borrower in writing within 5 days . . . after receiving the loss mitigation application that the servicer acknowledges receipt of the loss mitigation application and that the servicer has determined that the loss mitigation application is either complete or incomplete. If a loss mitigation application is incomplete, the notice shall state the additional documents and information the borrower must submit to make the loss mitigation application complete.

12 C.F.R. § 1024.41(b)(2)(i). Regulation X also states that "[a] servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account." 12 C.F.R. § 1024.41(i).

---

[2] McMahon brings his third cause of action against only JPMorgan Chase—not SPS—and therefore it is not at issue in this Order.
[3] McMahon alleges he submitted RMAs on January 29, 2014, November 12, 2014, May 29, 2015, June 20, 2016, and November 25, 2016. FAC § 144.

7

SPS argues that the safe harbor provisions of this statute are applicable in that McMahon has admitted that the required written notifications were given after the January 10, 2014 effective date of the regulation. In McMahon's state court complaint, attached to SPS's request for judicial notice as Exhibit 8, McMahon states that he sent SPS a loan modification on January 29, 2014. Compl. ¶ 58, RJN Exh. 8. McMahon then states that "SPS acknowledged Plaintiff's submission of documents" four days later. Id. ¶ 59. McMahon also states that SPS sent McMahon a letter indicating SPS had received his complete application. Id. ¶ 60.

In light of McMahon's allegations in his state court complaint, the Court finds that McMahon is unable to set forth a viable claim for a violation of 12 C.F.R. § 1024.41 and dismisses this claim with prejudice.

### 4. Fifth Cause of Action

Under his heading for the fifth cause of action, McMahon alleges violations of three different provisions of Regulation X: 12 C.F.R. § 1024.35(d), (e) and 12 C.F.R. § 1024.36(d).

#### a. Sections 1024.35(d), (e)

Under § 1024.35(d), a servicer who receives a notice of error ("NOE") from a borrower "shall provide to the borrower a written response acknowledging receipt of the notice of error." 12 C.F.R. § 1024.35(d).

Section 1024.35(e) states that a "servicer must respond to a notice of error by either:

(A) Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction,

8

the effective date of the correction, and
                        contact information, including a telephone
                        number, for further assistance; or

             (B)        Conducting a reasonable investigation and
                        providing the borrower with a written
                        notification that includes a statement that
                        the servicer has determined that no error
                        occurred, a statement of the reason or
                        reasons for this determination, a statement
                        of the borrower's right to request documents
                        relied upon by the servicer in reaching its
                        determination, information regarding how the
                        borrower can request such documents, and
                        contact information, including a telephone
                        number, for further assistance.

12 C.F.R. § 1024.35(e)(1)(i).

A servicer need not comply with these sections, however, if an "asserted error is substantially the same as an error previously asserted by the borrower." 12 C.F.R. § 1024.35(g)(1)(i). If a servicer determines it does not need to comply with paragraphs (d) or (e) because the asserted error is duplicative of a previously asserted error, "the servicer shall notify the borrower of its determination in writing." 12 C.F.R. § 1024.35(g)(2).

McMahon alleges he sent "an NOE and/or RFI" on May 26, 2014, December 5, 2015, December 29, 2016, and January 20, 2017. FAC ¶ 153. SPS contends it responded to McMahon's December 5, 2015 NOE. Mot. at 8. SPS argues after it responded to McMahon's December 5 NOE, it did not need to respond to the subsequent NOEs because the assertions of error were duplicative of the December 5 NOE. Mot. at 8-9. McMahon responds that even if SPS found the asserted errors duplicative, SPS had to notify McMahon of its decision, which McMahon alleges SPS did not do.

SPS's argument ignores the plain text of the regulation,

9

which states that a servicer has to notify a borrower in writing if the servicer determines an NOE is duplicative. 12 C.F.R. § 1024.35(g)(2). According to McMahon's allegations, SPS did not respond to his subsequent NOEs, even to tell him they were duplicative, and therefore SPS violated § 1024.35(g)(2).

The Court denies SPS's motion to dismiss McMahon's claim based on 12 C.F.R. §§ 1024.35(d), (e).

### b. Section 1024.36(d)

Under § 1024.36(d), "a servicer must respond to an information request by either:

    (i)    Providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing; or

    (ii)   Conducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance.

12 C.F.R. § 1024.36(d)(1).

A servicer need not comply with this section if the information requested "is substantially the same as information previously requested by the borrower." 12 C.F.R. § 1024.36(f)(1)(i). But a servicer still has to notify the borrower of its determination that it is not required to comply with § 1024.36(d). 12 C.F.R. § 1024.36(f)(2). McMahon alleges that SPS did not send the requested information or notify McMahon that SPS did not need to send him the information. FAC ¶ 155. SPS does not

dispute this allegation.

The Court denies SPS's motion to dismiss McMahon's § 1024.36(d) claim.

### 5. Sixth Cause of Action

McMahon alleges SPS negligently handled his loan modification applications. FAC at 26-27. SPS argues McMahon cannot establish a negligence claim because he cannot show that SPS owed McMahon a duty of care. Mot. at 9-10.

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1096 (1991). But "[o]nce a lender agrees to consider a modification of a borrower's loan . . . the lender owes the borrower a duty to exercise reasonable care in reviewing a loan modification application." Hawkins v. Bank of Am. N.A., 2017 WL 590253, at *4 (E.D. Cal. Feb. 14, 2017) (citing Alvarez v. BAC Home Loans Servicing, LP, 228 Cal. App. 4th 941, 948 (2014)); see also Clinton v. Select Portfolio Servicing, Inc., 2016 WL 7034895, at *4 (E.D. Cal. Dec. 2, 2016) (holding that SPS as the loan servicer owed a duty of care to the borrower in processing his loan modification application).

McMahon alleges SPS invited him to apply for a loan modification and SPS at least began considering his application several times. FAC ¶¶ 51, 77. The Court finds McMahon's allegations sufficient to plead SPS owed a duty of care to McMahon.

SPS also argues that McMahon fails to allege damages

because he does not allege that he "would have received [a loan modification] had the application been 'properly' reviewed." Mot. at 11. But McMahon alleges SPS calculated his monthly income incorrectly twice and that SPS should have offered him a modification based on his correct income. FAC ¶¶ 57-61, 82, 86. McMahon also alleges SPS damaged him by "causing [him] to forego other options for addressing the default and/or unaffordable mortgage payments, injury to credit reputation, [and] costs and expenses incurred to prevent or fight foreclosure." FAC ¶ 165.

The Court find McMahon has sufficiently alleged duty, breach, causation, and damages to state a negligence claim and denies SPS's motion to dismiss this claim.

### 6. Seventh Cause of Action

McMahon alleges SPS violated California Business and Professions Code § 17200 et seq. FAC at 27-28. "To state a cause of action based on [§ 17200], a plaintiff must allege facts sufficient to show a violation of some underlying law." Dougherty v. Bank of Am., N.A., 177 F. Supp. 3d 1230, 1251 (E.D. Cal. 2016) (citing People v. McKale, 25 Cal.3d 626, 635 (1979)).

SPS argues McMahon's § 17200 claim fails because McMahon has not alleged injury-in-fact and because it relies "on his remaining causes of action, all of which fail." Mot. at 12.

SPS's arguments lack merit. As discussed above, McMahon has properly alleged injury. See Doughherty, 177 F. Supp. 3d at 1260 (finding damage to credit sufficient to allege injury under § 17200). Additionally, McMahon's fifth and sixth claims remain, and he can predicate his § 17200 claim on those remaining claims. The Court denies SPS's motion to dismiss McMahon's § 17200 claim.

### III. ORDER

For the reasons set forth above, the Court GRANTS SPS's motion to dismiss McMahon's first, second, and fourth claims with prejudice and DENIES SPS's motion to dismiss McMahon's fifth through seventh claims. SPS shall file its Answer to the FAC within twenty days of the date of this Order.

Additionally, the Court's Order re Filing Requirements ("Order"), ECF No. 5-2, limits memoranda in support of and opposition to motions to dismiss to fifteen pages. Order at 1. A violation of the Order requires the offending counsel (not the client) to pay $50.00 per page over the page limit to the Clerk of Court. Id. The Court does not consider arguments made past the page limit. Id. McMahon's opposition brief exceeded the page limit by 5 pages. McMahon's counsel must therefore pay monetary sanctions in the amount of $250.00 no later than seven days from the date of this Order.

IT IS SO ORDERED.

Dated: April 25, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE