UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON MCMAHON, an individual;<br><br>   Plaintiff,<br><br>   v.<br><br>JPMORGAN CHASE BANK, N.A.; SELECT PORTFOLIO SERVICING, INC.; and DOES 1 through 20 inclusive,<br><br>   Defendants. | No. 2:16-cv-1459-JAM-KJN<br><br>**ORDER AMENDING APRIL 26, 2017 ORDER ON SELECT PORTFOLIO SERVICING INC'S MOTION TO DISMISS** |

On April 26, 2017 this Court issued its Order ("4/26/17 Order") granting in part and denying in part Defendant Select Portfolio Servicing's ("SPS") motion to dismiss Plaintiff Gordon McMahon's ("McMahon") First Amendment Complaint. ECF No. 44.

In that Order, the Court dismissed McMahon's second claim for violation of the the Equal Credit Opportunity Act ("ECOA") at 15 U.S.C. § 1691(d)(1) with prejudice on the grounds that the ECOA's notice requirements do not apply when the applicant is delinquent or otherwise in default. 4/26/17 Order at 6. The Court found that McMahon had already defaulted when he submitted

1

| | |
|---|---|
| 1 | his loan modification to SPS. Id. at 7. |
| 2 | Upon review of the briefs filed in support of and in |
| 3 | opposition to Defendant JPMorgan Chase Bank's motion to dismiss |
| 4 | in this case, the Court now recognizes that its ruling on |
| 5 | McMahon's ECOA claim against SPS should be reconsidered and |
| 6 | vacated. First, SPS' argument upon which the Court relied was |
| 7 | first raised in SPS' reply brief in support of its motion to |
| 8 | dismiss. ECF No. 41 at 3-4. McMahon therefore had no opportunity |
| 9 | to respond to this argument and the Court should not have given |
| 10 | it any consideration. Zamani v. Carnes, 491 F.3d 990, 997 (9th |
| 11 | Cir. 2007). Second, McMahon did respond to this argument in his |
| 12 | opposition to JP Morgan Chase's motion to dismiss, ECF No. 45 at |
| 13 | 7-9, and based on that response, and for the following reasons, |
| 14 | the Court now finds that it should not have dismissed McMahon's |
| 15 | ECOA claim against SPS. |
| 16 | In MacDonald v. Wells Fargo Bank N.A, 2015 WL 1886000, at *3 |
| 17 | (N.D. Cal. Apr. 24, 2015), the court stated that "Section |
| 18 | 1691(d)(1) does not contain the words 'adverse action.' |
| 19 | Therefore, on its face, Section 1691(d)(6)'s exclusion for |
| 20 | applicants that are 'delinquent or otherwise in default' would |
| 21 | appear to impact only the entitlement to a statement of reasons |
| 22 | upon denial, not a determination on an application within thirty |
| 23 | days." MacDonald, 2015 WL 188600, at *3. MacDonald further |
| 24 | stated that few courts have discussed "whether the exceptions to |
| 25 | the definition of 'adverse action' in Section 1691(d)(6) apply to |
| 26 | the word "action" as used in Section 1691(d)(1) . . . [but] [a]t |
| 27 | least two courts have found that applicants are entitled to a |
| 28 | determination on their application with[in] thirty days whether |

or not they defaulted on their existing loan obligations." Id. MacDonald held an allegation that the servicer failed to give the borrower notice of their action within thirty days of receiving the completed application "is sufficient to state a claim under § 1691(d)(1), even though Plaintiffs were in [default] at the time." Id. at *4.

Thus, the Court finds that SPS's motion to dismiss McMahon's ECOA claim simply because he had already defaulted before submitting his loan application to SPS must be denied. The Court now turns to SPS's other argument in support of its motion to dismiss McMahon's ECOA claim.

SPS' second reason as to why it believes McMahon's ECOA claim should be dismissed is that "Plaintiff has not alleged that he was not [sic] a member of a protected claim based on 'race, color, religion, national origin, sex or marital status, or age . . . In other words, Plaintiff fails to state facts demonstrating he was denied pursuant to some discriminatory practice of SPS." Mot. at 7.

The Court finds that this argument also lacks merit. District courts in the Ninth Circuit have found "the [ECOA's] notice provisions to give rise to a cause of action even with no accompanying claims of discrimination." Cooksey, 2014 WL 4662015, at *4 (citing Errico v. Pac. Capital Bank, N.A., 753 F. Supp. 2d 1034, 1042 (N.D. Cal. 2010); Vasquez, 2013 WL 6001924, at *11). Thus, McMahon need not allege SPS discriminated against him or that he was in a protected class in order to to state an ECOA claim.

Having found that both of SPS' arguments in support of its

motion to dismiss this claim fail, the Court vacates its prior ruling dismissing this claim with prejudice and instead denies SPS's motion to dismiss McMahon second claim for violation of the ECOA at 15 U.S.C. § 1691(d)(1).

The Court strikes lines 21-28 on page 6; lines 1 through 5 on page 7; and the word "second" on line 4 on page 13 of the Court's 4/26/17 Order. McMahon may proceed against SPS on his second and fifth through seventh claims. SPS shall file its Amended Answer to the FAC within fifteen days of the date of this Order.

IT IS SO ORDERED.

Dated: May 25, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE