UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON MCMAHON, an individual;<br><br>    Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A.; SELECT PORTFOLIO SERVICING, INC.; and DOES 1 through 20 inclusive,<br><br>    Defendants. | No. 2:16-cv-1459-JAM-KJN<br><br>**ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK'S MOTION TO DISMISS** |

    Plaintiff Gordon McMahon ("McMahon") sued Defendants Select Portfolio Servicing ("SPS") and JPMorgan Chase Bank ("Chase") seeking to save his home from foreclosure. ECF No. 1. Chase moves to dismiss McMahon's First Amended Complaint ("FAC") with prejudice. ECF No. 43. McMahon opposes the motion. ECF No. 45.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 16, 2017.

1

# I. FACTS

The Court takes the facts alleged by McMahon as true for purposes of this motion.

McMahon obtained a mortgage loan in 2005. FAC ¶ 1. The interest rate and monthly payment increased about two years later. Id. By late 2007, McMahon could not pay his mortgage. Id.

Chase began servicing McMahon's loan in September 2011. FAC ¶ 38. Chase scheduled a foreclosure for April 2013. FAC ¶ 42. To explore options to avoid the foreclosure, McMahon called Karen Hyman—his "Customer Assistance Specialist" at Chase—several times in January 2013, but she never returned his calls. FAC ¶ 43. McMahon then sent Chase a Qualified Written Request ("QWR"). FAC ¶ 44. Chase "provided an incomplete response" to the QWR two months later. FAC ¶ 45. McMahon then filed a Request for Mortgage Assistance ("RMA") with Chase in March 2013. FAC ¶ 46. Chase did not respond to McMahon's application. Id.

Two months later, Chase informed McMahon it would transfer servicing of the loan to SPS effective June 1, 2013. FAC ¶ 49. According to McMahon, SPS was Chase's "subservicer" on McMahon's account. FAC ¶ 88.

McMahon brings seven claims against Chase: (1) violation of the Homeowners Bill of Rights ("HBOR") at California Civil Code Section 2924.12, (2) violation of the Equal Credit Opportunity Act ("ECOA") at 15 U.S.C. § 1691(d)(1), (3) violation of the Real Estate Settlement Procedures Act ("RESPA") at 12 U.S.C. § 2605(e), (4) violation of Regulation X at 12 C.F.R.

2

Section 1024.41, (5) violation of Regulation X at 12 C.F.R. Sections 1024.35, 1024.36, (6) negligence, and (7) violation of California Business and Professions Code Section 17200.

II. OPINION

A. <u>Analysis</u>

1. <u>First Claim: HBOR</u>

McMahon asks the Court to grant him "injunctive relief for material violations of California Civil Code sections 2923.55, 2923.6, and 2924.17." FAC ¶ 118.

California Civil Code Section 2924.12 permits a borrower to "bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, . . . or 2924.17" if "a trustee's deed of sale has not been recorded." Cal. Civ. 2924.12(a)(1).

Chase argues McMahon cannot seek injunctive relief against it because Chase no longer services McMahon's loan. Mot. at 3. McMahon counters that he can seek injunctive relief against Chase because "Chase remains directly involved as a master servicer." Opp'n at 6. McMahon contends Chase has "direct liability" or "secondary liability under . . . agency, joint venture, and/or aiding and abetting." Id. at 5.

This same "master servicer" argument was at issue in <u>Cooksey v. Select Portfolio Servicing</u>, 2014 WL 4662015, at *6 (E.D. Cal Sept. 8, 2014). In <u>Cooksey</u>, the court stated the plaintiffs needed to plead facts to support their allegations that Bank of America—the alleged master servicer—aided and abetted or was in a joint venture with SPS. <u>Id.</u> The Cookseys'

3

allegations against Bank of America as to aiding and abetting of SPS closely resemble McMahon's allegations against Chase here. Compare id. (citing Complaint ¶¶ 9-10) with FAC ¶¶ 11-12.

The Cooksey court stated:

> In California, "liability for aiding and abetting depends on proof the defendant had actual knowledge of the specific primary wrong the defendant assisted." Casey v. U.S. Bank Nat'l Ass'n, 127 Cal. App. 4th 1138, 1145 (2005). In addition, "'[t]here are three basic elements of a joint venture: the members must have joint control over the venture (even though they may delegate it), they must share the profits of the undertaking, and the members must each have an ownership interest in the enterprise.'" Jeld-Wen, Inc. v. Sup. Ct., 131 Cal. App. 4th 853, 872 (2005) (quoting Orosco v. Sun-Diamond Corp., 51 Cal. App. 4th 1659, 1666 (1997)). Each of these theories must be supported by sufficient facts to show either BANA's knowledge of SPS's HBOR violations or BANA's profit-sharing, joint control and ownership of the undertaking. Fields v. Wise Media, LLC, No. C 12–05160-WHA, 2013 WL 5340490, at *3–4 (N.D. Cal. Sep.24, 2013); Uecker v. Wells Fargo Capital Fin. (In re Mortg. Fund '08 LLC), Bankruptcy Case No. 11–49803 RLE, Adv. Proc. No. 12-4137 RLE, 2014 WL 543685, at *6 (Bankr. N.D. Cal. Feb.11, 2014). As defendant points out, the complaint is devoid of factual support for plaintiffs' conclusory claims.

Cooksey, 2014 WL 4662015, at *6. The court dismissed the HBOR claim against Bank of America. Id.

McMahon—citing paragraphs 11, 12, and 13 of his FAC—argues he pled agency, joint venture, and aiding and abetting. Opp'n at 6. But these paragraphs merely conclusively state the defendants had an agency or joint venture relationship and they "aided and abetted" each other. See FAC ¶¶ 11-13. The paragraphs McMahon cites, and the FAC as a whole, lack sufficient *facts* to support aiding and abetting or a joint venture relationship between Chase and SPS. As in Cooksey, McMahon's FAC lacks "factual support for plaintiff's conclusory

4

claims." The Court therefore grants Chase's motion to dismiss McMahon's HBOR claim. McMahon has already amended his complaint, and he has given no indication that he can supplement his FAC with additional facts sufficiently showing that Chase aided and abetted or had an agency relationship with SPS. The Court therefore finds granting McMahon leave to amend is futile, and dismisses the first claim with prejudice.

2. Second Claim: ECOA

McMahon brings his second claim under 15 U.S.C. § 1691(d)(1), which states "[w]ithin thirty days . . . after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application." 15 U.S.C. § 1691(d)(1). Section 1691(d)(6) states:

> For purposes of this subsection, the term "adverse action" means a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested. Such term does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is **delinquent or otherwise in default**, or where such additional credit would exceed a previously established credit limit.

15 U.S.C. § 1691(d)(6) (emphasis added).

The Court stated in its previous order that SPS did not have to comply with the ECOA's thirty-day notice requirement under § 1691(d)(1) because McMahon had already defaulted on his mortgage when he applied to modify his loan. Order at 7, Apr. 26, 2017, ECF No. 44.

The Court, however, has reconsidered its position on that issue in light of Vasquez v. Bank of America, N.A., 2014 WL 1614764, at *3 (N.D. Cal. Apr. 22, 2014) ("Vasquez II") and

MacDonald v. Wells Fargo Bank N.A, 2015 WL 1886000, at *3 (N.D. Cal. Apr. 24, 2015). ECF No. 53. In MacDonald, the court stated that "Section 1691(d)(1) does not contain the words 'adverse action.' Therefore, on its face, Section 1691(d)(6)'s exclusion for applicants that are 'delinquent or otherwise in default' would appear to impact only the entitlement to a statement of reasons upon denial, not a determination on an application within thirty days." MacDonald, 2015 WL 188600, at *3. MacDonald further stated that few courts have discussed "whether the exceptions to the definition of 'adverse action' in Section 1691(d)(6) apply to the word "action" as used in Section 1691(d)(1) . . . [but] [a]t least two courts have found that applicants are entitled to a determination on their application with[in] thirty days whether or not they defaulted on their existing loan obligations." Id. MacDonald held an allegation that the servicer failed to give the borrower notice of their action within thirty days of receiving the completed application "is sufficient to state a claim under § 1691(d)(1), even though Plaintiffs were in [default] at the time." Id. at *4. Similarly, the Vasquez II court held the plaintiff need not show she was not in default to proceed on a § 1691(d)(1) claim. Vasquez II, 2014 WL 1614764, at *3.

The Court therefore does not dismiss McMahon's ECOA claim solely because McMahon defaulted on his mortgage before applying to modify his loan and proceeds to Chase's arguments for dismissing McMahon's ECOA claim.

Chase first argues the "ECOA is an anti-discrimination statute, and Plaintiff has not alleged any manner of

6

discrimination." Mot. at 4. But district courts in the Ninth Circuit have found "the [ECOA's] notice provisions to give rise to a cause of action even with no accompanying claims of discrimination." Cooksey, 2014 WL 4662015, at *4 (citing Errico v. Pac. Capital Bank, N.A., 753 F. Supp. 2d 1034, 1042 (N.D. Cal. 2010); Vasquez, 2013 WL 6001924, at *11).

Chase next argues McMahon has not actually alleged his ECOA claim against Chase, but only SPS. Mot. at 5. Chase is correct: McMahon alleges in his FAC under the second claim that he "provided SPS with a completed application for credit on March 21, 2014 and January 13, 2015." FAC ¶ 126. McMahon does not allege he ever submitted a completed application for credit to Chase. McMahon's allegations as to his second claim also occurred after Chase transferred the servicing of the loan to SPS. As discussed above, the Court cannot impute SPS's violations to Chase. Thus, the Court grants Chase's motion to dismiss McMahon's second claim with prejudice.

### 3. Third, Fourth, and Fifth Claims: RESPA

McMahon alleges Chase violated various subsections of § 2605 of the RESPA. FAC at 21-25. A RESPA claim based on § 2605 has a three year statute of limitations. 12 U.S.C. § 2614.

McMahon sued Chase on June 27, 2016, more than three years after Chase transferred the servicing of the loan to SPS. See FAC ¶ 49. The three year statute of limitations therefore bars any claims against Chase for Chase's conduct while servicing McMahon's loan.

McMahon concedes he sued Chase after the statute of

limitations expired, but argues the Court should toll the statute of limitations because McMahon did not know Chase remained the master servicer on the loan until June 2015. Opp'n at 11.

To justify equitable tolling on a RESPA claim, a plaintiff must plead facts showing he "could not have discovered the alleged RESPA violations by exercising due diligence." Klepac v. CTX Mortg. Co., LLC, No. 2:11-cv-00752-GEB-GGH, 2012 WL 662456, at *5 (E.D. Cal. Feb. 28, 2012) (quoting Quiroz v. Countrywide Bank, N.A., No. CV 09-5855, 2009 WL 3849909, at *6 (C.D. Cal. Nov. 16, 2009)). It matters not when McMahon learned Chase remained the alleged master servicer on the loan, but rather when McMahon discovered Chase violated RESPA. McMahon does not plead any facts in his FAC which explain why he did not discover, or why he could not have discovered, Chase's alleged RESPA violations in 2013. The statute of limitations thus bars McMahon's RESPA claims against Chase for violations that occurred while Chase serviced McMahon's loan.

McMahon also argues he can hold Chase liable for SPS's RESPA violations (which the statute of limitations does not bar). Opp'n at 12-13. As discussed above, the court cannot hold a master servicer vicariously liable for the subservicer's violations of the law. Instead, a plaintiff must show the master servicer aided or abetted or was in joint venture with the subservicer. See Cooksey, 2014 WL 4662015, at *6. McMahon has not done so here.

The Court grants Chase's motion to dismiss McMahon's third, fourth, and fifth claims with prejudice. Chase raised the

statute of limitations argument in the motion to dismiss it filed before McMahon filed his FAC, thus putting McMahon on notice he needed to plead facts to support equitable tolling when he filed his FAC. See Mot. to Dismiss at 7, 12, Jan. 17, 2017, ECF No. 21. The Court therefore finds granting leave to amend futile.

### 4. Sixth Claim: Negligence

McMahon alleges Chase negligently handled his loan modification applications. FAC at 26-27. Chase argues the statute of limitations for negligence claims bars McMahon's claim. Mot. at 6.

McMahon brings his negligence claim under California Civil Code section 1741, California's general negligence statute. FAC ¶ 158. Under California law, the statute of limitations for "[a]n action upon a liability created by statute, other than a penalty or forfeiture," is three years. Cal. Civ. P. Code § 338(a).

Chase stopped servicing McMahon's loan more than three years before McMahon sued Chase. The statute of limitations for negligence thus bars any claim against Chase for a violation that occurred during Chase's loan servicing period. McMahon has not pled facts to support tolling the statute of limitations or holding Chase liable for any of SPS's violations after Chase transferred servicing to SPS. The Court therefore dismisses McMahon's negligence claim against Chase with prejudice.

### 5. Seventh Claim: Unfair Competition Law

McMahon alleges Chase violated California Business and Professions Code Section 17200 ("the UCL"). FAC at 27-28.

Under the UCL, unfair competition includes "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

### a. Unlawful Prong

An "unlawful" practice includes all business practices "forbidden by law." Herrejon v. Ocwen Loan Servicing, LLC, 980 F. Supp. 2d 1186, 1206 (E.D. Cal. Nov. 1, 2013). This makes an "unlawful" UCL claim dependent on the underlying allegations. Vargas v. JP Morgan Chase Bank, N.A., 30 F. Supp. 3d 945, 952 (C.D. Cal. 2014). If unable to state a claim for the underlying offense, the plaintiff cannot state a claim under the UCL's "unlawful" prong. Id. at 952-53.

McMahon has not stated a claim against Chase for any underlying offense, so he cannot succeed on the UCL's unlawful prong. McMahon argues, however, that he can base his unlawful claim on Chase's alleged RESPA violation in January 2013 because the UCL has a four year statute of limitations. Opp'n at 15. But McMahon is wrong: the UCL's four year statute of limitations applies only where the underlying offense violates state law. Beaver v. Tarsadia Hotels, 978 F. Supp. 2d 1124, 1156 (S.D. Cal. 2013). When the underlying offense violates federal law, the federal law's statute of limitations—not the UCL's—applies. Id. Because the RESPA is a federal statute to which is own three year statute of limitations applies, McMahon cannot base his UCL claim on Chase violating RESPA in January 2013.

### b. Unfair Prong

McMahon also argues he states an "unfair" claim against Chase "for its failures to respond to his applications for loan

10

modification in 2013." Opp'n at 15.

A business practice is "unfair" under the UCL "if either (1) it is tethered to [a] specific constitutional, statutory, or regulatory provision, or (2) its harm to consumers outweighs its utility." MacDonald v. Ford Motor Co., 2014 WL 1340339, at *9 (N.D. Cal. Mar. 31, 2014); see also Rubio v. Capital One Bank, 613 F.3d 1195, 1204 (9th Cir. 2010). McMahon does not allege or argue that Chase's failure to respond to a loan application is "tethered to [a] specific constitutional, statutory, or regulatory provision," or that harm to Chase's consumers caused by that failure outweighs its utility.

McMahon argues he states an "unfair" claim because his case resembles Oskoui v. JPMorgan Chase Bank, N.A., 851 F.3d 851 (9th Cir. 2017). Opp'n at 15. But Chase's conduct in Oskoui differs from its conduct here. In Oskoui, Chase accepted payments from the plaintiff on a loan modification plan for which she did not even qualify. Oskoui, 851 F.3d at 857. The Oskoui court stated:

> Chase's left hand sought payments from Plaintiff pursuant to a plan designed to give her an opportunity to modify her loan while, notwithstanding Plaintiff's payment in accordance with that plan, Chase's right hand continued all along with foreclosure proceedings and *both hands* should have known from the start that Plaintiff's loan would not be eligible for modification in any event—the Court can conceive of such allegations stating a section 17200 claim.

Id. (emphasis in original). Here, Chase never modified McMahon's loan and McMahon never started making payments under a modification plan. Chase also did not proceed with a foreclosure sale. Accordingly, Chase did not act in the same manner it did in Oskoui and McMahon's reliance on that case is

misplaced. The Court dismisses McMahon's seventh claim as brought against Chase with prejudice.

III. ORDER

For the above reasons, the Court GRANTS Chase's motion to dismiss McMahon's FAC WITH PREJUDICE.

Additionally, the Court's Order re Filing Requirements limits reply memoranda in motions to dismiss to five pages. Order re Filing Requirements at 1, Jun. 27, 2016, ECF No. 5-2. Violating the Order requires the offending counsel to pay $50.00 per page over the page limit to the Clerk of Court. Id. The Court also does not consider arguments made past the page limit. Id. Chase's reply brief exceeded the page limit by three pages. Chase's counsel must pay $150.00 no later than five days from this Order's date.

IT IS SO ORDERED.

Dated: May 30, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE