UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON MCMAHON, an individual;<br><br>    Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A.; SELECT PORTFOLIO SERVICING, INC.; and DOES 1 through 10 inclusive,<br><br>    Defendants. | No. 2:16-cv-1459-JAM-KJN<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

This Court issued an order on April 26, 2017 granting in part and denying in part Defendant Select Portfolio Servicing's ("SPS") motion to dismiss Plaintiff Gordon McMahon's ("McMahon") First Amended Complaint ("FAC"). 4/26/2017 Order, ECF No. 44. McMahon now asks the Court to reconsider its 4/26/2017 Order. Mot. for Recons. ("Mot."), ECF No. 52. SPS opposes the motion. Opp'n, ECF No. 59.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 11, 2017.

1

I. FACTS AND PROCEDURAL BACKGROUND

McMahon sued SPS and JPMorgan Chase Bank ("Chase") seeking to save his home from foreclosure. McMahon alleges seven causes of action in his FAC: (1) violation of the Homeowners Bill of Rights ("HBOR") at California Civil Code[2] Section 2924.12, (2) violation of the Equal Credit Opportunity Act ("ECOA") at 15 U.S.C. § 1691(d)(1), (3) violation of the Real Estate Settlement Procedures Act ("RESPA") at 12 U.S.C. § 2605(e), (4) violation of Regulation X at 12 C.F.R. Section 1024.41, (5) violation of Regulation X at 12 C.F.R. Sections 1024.35, 1024.36, (6) negligence, and (7) violation of California Business and Professions Code Section 17200. FAC at 1, ECF No. 26. McMahon brought his third claim against only Chase. FAC at 21. The Court dismissed McMahon's case against Chase entirely. 5/31/2017 Order at 12, ECF No. 54. The Court also dismissed McMahon's first, second, and fourth claims against SPS with prejudice. 4/26/2017 Order at 13. About a month later, the Court revised its 4/26/2017 Order and denied SPS's motion to dismiss McMahon's second claim. 5/25/2017 Order at 4, ECF No. 53. Now, McMahon asks the Court to reconsider its dismissal of McMahon's first and fourth claims against SPS.[3]

///
///

---

[2] Unless otherwise indicated, all section references are to the California Civil Code.
[3] McMahon also asked the Court to reconsider its dismissal of his second claim, but that request became moot after the Court issued its 5/25/2017 Order.

## II. OPINION

### A. Legal Standard

A court should not revisit its own decisions unless extraordinary circumstances show a prior decision was wrong. Am. States Ins. Co. v. Ins. Co. of Penn., No. 2:12-cv-01489-MCE-AC, 2017 WL 1174726, at *1 (E.D. Cal. Mar. 28, 2017). Despite this principle, a court may revise an order at any time before a final entry of judgment. Fed. R. Civ. P. 54(b); see also E.D. Cal. L.R. 230(j). Where a party seeks reconsideration of a non-final order, the court has inherent jurisdiction to modify, alter, or revoke it. Am. States, 2017 WL 1174726, at *1 (citing United States v. Martin, 226 F.3d 1042, 1048–49 (9th Cir. 2000)). A court should reconsider a ruling when (1) there has been an intervening change in controlling law, (2) new evidence has become available, or (3) it is necessary to correct clear error or prevent manifest injustice. Id. A party may not use a motion for reconsideration to relitigate old matters or raise arguments he could have asserted earlier in the litigation. De La Torre v. CashCall, Inc., 56 F. Supp. 3d 1105, 1107 (N.D. Cal. 2014). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Knight v. Rios, No. 1:09-cv-00823-AWI-JLT, 2010 WL 5200906, at *2 (E.D. Cal. Dec. 15, 2010).

### B. Analysis

#### 1. First Cause of Action

The Court dismissed McMahon's first claim to the extent it was brought under Sections 2923.55, 2924.17, and 2923.6. 4/26/2017 Order at 4. McMahon does not ask the Court to

reconsider its dismissal of this claim based on Sections 2923.55, 2924.17, and 2923.6(c). Mot. at 6. McMahon only requests the Court reconsider its dismissal of his claim based on Section 2923.6(f). Id.

Section 2923.6(f)(2) states that "[f]ollowing the denial of a first lien loan modification application, the mortgage servicer shall send a written notice to the borrower identifying the reasons for the denial, including . . . [i]f the denial was based on investor disallowance, the specific reasons for the investor disallowance." Cal. Civ. Code § 2923.6(f)(2).

The Court dismissed McMahon's Section 2923.6(f)(2) claim for two reasons. 4/26/2017 Order at 5. First, McMahon did not respond to SPS's argument that Section 2923.6 did not apply because SPS recorded the Notice of Trustee's Sale before McMahon sent in his loan application. Id. Second, McMahon did not expressly indicate "in the FAC when the alleged § 2923.6 violation occurred," and failed to "clarify whether any § 2923.6 violation occurred in the context of the June 6, 2016 Notice of Trustee's Sale or at some other point." Id.

McMahon asserts the Court should reconsider this ruling because (1) there has been an intervening change in controlling law, and (2) reconsideration is necessary to prevent manifest injustice. Mot. at 6-9.

McMahon first contends that Berman v. HSBC Bank USA, N.A., 11 Cal. App. 5th 465, 473 (Cal. Ct. App. Apr. 11, 2017)—decided by a California appellate court about a week after the hearing date for SPS's motion to dismiss—constitutes an intervening change in controlling law. Mot. at 6-7. McMahon argues Berman

4

shows "that a failure to provide a denial letter containing proper information is a violation of Section 2923.6(f) and is, by itself, sufficient to support a cause of action." Reply at 3. SPS argues in opposition that Berman discusses only the servicer's error in telling the borrower he had fifteen days to appeal, rather than thirty days. Opp'n at 4. SPS contends Berman neither "reference[s] . . . subsection (f)(2) of Section 2923.6, nor . . . discuss[es] investor disallowance as a reason for denial." Id.

The Court finds SPS's argument more convincing. Berman concerned a servicer misinforming a borrower regarding the number of days he had to appeal a denial of a loan modification. Berman, 11 Cal. App. 5th at 467. Berman did not address subsection (f)(2) at all, and the Court does not find Berman to constitute a sufficient "intervening change in controlling law" to warrant reconsideration of its dismissal of McMahon's Section 2923.6(f) claim.

Next, McMahon argues the Court's dismissal of his Section 2923.6(f)(2) claim was manifestly unjust because "the FAC contains allegations that indicate when SPS and Chase failed to comply with section 2923.6(f)(2)". Mot. at 8-9. SPS responds that even if McMahon does identify precisely when SPS allegedly failed to comply with Section 2923.6(f)(2), McMahon cannot succeed on the claim because any violation of Section 2923.6(f)(2) was immaterial. Opp'n at 4. McMahon asserts SPS's alleged Section 2923.6(f)(2) violation is "material because based on the U.S. Treasury online NPV calculator, Plaintiff qualifies for a HAMP modification." Reply at 3. But the U.S.

Treasury's website cautions that "it is important to understand that CheckMyNPV.com provides only an estimate of a mortgage servicer's NPV evaluation." <u>CheckMyNPV.com Frequently Asked Questions</u>, MakingHomeAffordable.gov, https://www.checkmynpv.com/bnpv-ui/pages/start.xhtml (last visited Aug. 22, 2017). Given the U.S. Treasury's indication that its website provides "only an estimate," this Court declines to find that any output from this website can support the sole basis for alleging that a violation of Section 2923.6(f)(2) was material.

Because McMahon cannot show any violation of Section 2923.6(f)(2) was material or that dismissing this claim is "manifestly unjust," the Court declines to reconsider its dismissal of McMahon's Section 2923.6(f)(2) claim. The Court's dismissal of McMahon's Section 2923.6 in its entirety stands.

### 2. Fourth Cause of Action

McMahon also asks the Court to reconsider its dismissal of his fourth claim for violation of 12 C.F.R. § 1024.41 ("Regulation X"). Mot. at 11.

Regulation X requires a servicer acknowledge receipt of a "loss mitigation application" and indicate whether the application is complete or incomplete within 5 days of receiving the application. 12 C.F.R. § 1024.41(b)(2)(i). The Court dismissed McMahon's fourth claim because in a previous state court complaint McMahon alleged that SPS acknowledged his submission of documents. 4/26/2017 Order at 8.

McMahon argues "Section 1024.41 requires that the five-day notice *both* acknowledge receipt of the application and state

6

whether the application is complete or incomplete in the same notice." Mot. at 11 (emphasis in original). McMahon argues the admission from the state court complaint states that the servicer acknowledged receipt of the application within five days but did not tell McMahon whether the application was complete until several weeks later. Id. McMahon also argues the Court erred in taking judicial notice of McMahon's admission in his state court complaint. Id. at 12.

SPS substantively opposes McMahon's arguments, but the Court need not consider those arguments because McMahon cannot use this motion to re-litigate substantive legal issues that the Court has already considered and ruled upon. See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.") (emphasis in original). McMahon already had the opportunity to present these same arguments in opposition to SPS's motion to dismiss. He did not. See Opp'n to Mot. to Dismiss at 9-10, ECF No. 36. Additionally, SPS submitted a request for judicial notice with its motion to dismiss, asking the Court to take judicial notice of McMahon's admission in his state court complaint. Req. for Judicial Notice, Exh. 8, ECF No. 31. McMahon had the opportunity to either oppose or object to SPS's request for judicial notice. Again, he did not. McMahon cannot ask for reconsideration of his fourth claim simply because he failed to make certain arguments earlier in the litigation. The Court denies McMahon's request for

reconsideration of his fourth claim.

### 3. <u>Sanctions</u>

McMahon's counsel "requests that the Courty (sic) vacate the order imposing sanctions, though Plaintiff's counsel does not request return of the $250." Mot. at 14. District courts have "considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing." <u>Christian v. Mattel, Inc.</u>, 286 F.3d 1118, 1129 (9th Cir. 2002); <u>see also</u> <u>Green v. Cal. Court Apartments LLC</u>, 321 F. App'x 589, 591 (9th Cir. 2009) ("The district court did not abuse its discretion by striking appellants' motion to compel discovery because it exceeded the page limit."); <u>Snyder v. HSBC Bank, USA, N.A.</u>, 913 F. Supp. 2d 755, 766 (D. Ariz. 2012) (reviewing the discretion of federal district courts in enforcing sanctions for violations of page limits and citing several appellate cases upholding district courts' use of that discretion). The Court has considered counsel's arguments and denies his request to vacate the sanctions order.

### III. ORDER

For the reasons set forth above, the Court DENIES McMahon's motion for reconsideration and request to vacate the sanctions order.

IT IS SO ORDERED.

Dated: August 23, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE