UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON MCMAHON, an individual;<br><br>        Plaintiff,<br><br>   v.<br><br>JPMORGAN CHASE BANK, N.A.; SELECT PORTFOLIO SERVICING, INC.; and DOES 1 through 10 inclusive,<br><br>        Defendants. | No. 2:16-cv-1459-JAM-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISSOLVE PRELIMINARY INJUNCTION** |

On August 23, 2016, this Court enjoined Defendant Select Portfolio Servicing ("SPS") from conducting a foreclosure sale of 304 Seawind Drive in Vallejo, California. 8/23/2016 Order, ECF No. 17. SPS now asks the Court to dissolve the injunction. Mot. to Dissolve Prelim. Inj. ("Mot."), ECF No. 47. Plaintiff Gordon McMahon ("McMahon") opposes the motion. Opp'n, ECF No. 60.[1]

---
[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 11, 2017.

1

# I. FACTS AND PROCEDURAL BACKGROUND

McMahon defaulted on his mortgage in 2007. First Amended Complaint ("FAC") ¶ 1, ECF No. 26. McMahon applied for a loan modification several times. FAC ¶ 1. SPS, McMahon's loan servicer, denied McMahon's applications. FAC ¶¶ 60, 61, 70, 81, 86, 99, 101, 103. McMahon sued SPS, alleging six claims, including his first cause of action for violation of the Homeowners Bill of Rights ("HBOR") under California Civil Code Section 2924.12. FAC at 19.

McMahon moved for a preliminary injunction under Section 2924.12 of the HBOR, which states that "[i]f a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section . . . 2923.6." Cal. Civ. Code § 2924.12(a)(1). SPS did not oppose the motion. See Adviento Decl. ¶ 4, ECF No. 13. The Court enjoined SPS from proceeding with foreclosure "until there has been compliance with California Civil Code section[s] 2923.6 and 2924.12." 8/23/2016 Order at 1.

On November 25, 2016, McMahon submitted another loan modification application, which SPS denied. FAC ¶¶ 102, 103. SPS then moved to dismiss McMahon's claims. Mot. to Dismiss, ECF No. 30. The Court dismissed McMahon's HBOR claim with prejudice. 4/26/2017 Order at 4-6, 13. McMahon moved the Court to reconsider that ruling, which the Court denied. 8/24/2017 Order at 6, ECF No. 64.

# II. OPINION

A district court has 'wide discretion' to dissolve, modify, or reconsider a preliminary injunction based on a change in

factual or legal circumstances.  A&M Records, Inc. v. Napster, Inc., 284 F.3d 1091, 1098 (9th Cir. 2002).  If a court has issued an injunction under Section 2924.12(a)(1), the "enjoined entity may move to dissolve [the] injunction based on a showing that the material violation has been corrected and remedied."  Cal. Civ. Code § 2924.12(a)(2).

### A. Change in Legal Circumstances

The Court has dismissed with prejudice McMahon's HBOR claims.  4/26/2017 Order at 4-6, 13.  The preliminary injunction was issued pursuant to Section 2924.12(a)(1) and conditioned upon SPS's compliance with Section 2923.6.  8/23/2016 Order at 1-2.  Because the Court has dismissed with prejudice the claim under which McMahon moved for the preliminary injunction, the injunction can no longer stand.

### B. Remedy of Alleged Violation

SPS has also submitted evidence demonstrating that "the loan modification process has been completed twice during the pendency of the litigation."  Mot. at 6.  SPS argues these two subsequent loan modification reviews complied with 2923.6 and 2924.12, therefore warranting dissolution of the injunction. Mot. at 5.  SPS supports this argument with a declaration and mumerous documents that clearly demonstrate that it has considered and denied two additional applications from McMahon. Adelman Decl., ECF No. 47-2.

McMahon responds that the Court should not dissolve the injunction because SPS has not complied with Section 2923.6(f)(2), which requires that a servicer denying a loan modification "based on investor disallowance" provide "the

3

specific reasons for the investor disallowance." Cal. Civ. Code § 2923.6(f)(2). SPS responds that McMahon's argument is not sufficient to show that SPS did not comply with Section 2923.6 because any failure to provide specific reasons for investor denial was immaterial in light of the many other reasons SPS denied McMahon's application. Mot. at 6.

Under the HBOR, a borrower is entitled to an injunction only for a "material" violation. Cal. Civ. Code § 2924.12(a)(1). An HBOR violation is material if "any such violation prejudiced [the plaintiff's] ability to obtain a loan modification." Castillo v. Wells Fargo Bank, N.A., No. C-15-2353 MMC, 2015 WL 13425101, at *1 (N.D. Cal. Jul. 17, 2015). McMahon's only argument for materiality is that "based on the U.S. Treasury online NPV calculator, Plaintiff qualifies for a HAMP modification." Opp'n at 10. The exhibit that McMahon cites to support this contention, however, explicitly states "you *may* be eligible for a HAMP modification" and "CheckMyNPV.com provides *only an estimate* of a servicer's NPV evaluation." McMahon Decl., Exh. 6 at 1, ECF 33-2 (emphasis added). As discussed in the Court's order denying McMahon's motion for reconsideration, ECF No. 64, McMahon cannot show materiality by citing to a website that explicitly indicates its results are an estimate and may differ from the lender's results.

McMahon has no remaining HBOR claims that entitle him to injunctive relief and SPS has shown that it has materially complied with the HBOR. The Court therefore grants SPS's motion and dissolves the preliminary injunction issued on August 23,

4

2016.

III. ORDER

For the reasons set forth above, the Court GRANTS SPS's motion to dissolve the August 23, 2016 preliminary injunction.

IT IS SO ORDERED.

Dated: August 24, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE