UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON MCMAHON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.; SELECT PORTFOLIO SERVICING, INC.; and DOES 1 through 10 inclusive,<br><br>Defendants. | No. 2:16-cv-01459-JAM-KJN<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND** |

In June 2016, Gordon McMahon ("Plaintiff" or "McMahon") sued Defendants Select Portfolio Servicing ("SPS") and JPMorgan Chase Bank ("Chase") seeking to save his home from foreclosure. ECF No. 1. The foreclosure sale occurred on March 29, 2018. McMahon seeks leave to amend his complaint to include a cause of action for wrongful foreclosure and related facts. Mot., ECF No. 77. For the reasons set forth below, the Court DENIES Plaintiff's motion to amend.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for December 4, 2018.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Gordon McMahon obtained a mortgage loan in April 2005. First Amended Compl. ("FAC"), ECF No. 26, ¶ 23. About two years later, the interest rate and monthly payment increased and McMahon could no longer make his loan payments. Id. ¶¶ 1, 25-26.

SPS began servicing McMahon's loan in June 2013. FAC ¶ 49. McMahon then began submitting loan modification requests to SPS. Each of McMahon's six applications was denied. FAC ¶¶ 52-61 (August 2013 application); ¶¶ 63-76 (January 2014 application); ¶¶ 77-83 (November 2014 application); ¶¶ 84-95 (May 2015 application); ¶¶ 96-101 (June 2016 application); and ¶¶ 102 -107 (November 2016 application). McMahon alleges Defendants failed to properly consider certain relevant circumstances in his applications and to provide him with information necessary to determine whether Defendants were using the proper loss mitigation procedures in reviewing his applications. FAC ¶ 1.

SPS initially did not respond to McMahon's June 2016 application, and so McMahon filed this suit seeking a temporary restraining order ("TRO") and preliminary injunction to prevent a scheduled June 29, 2016 foreclosure sale. See FAC ¶ 98. This Court granted the TRO, enjoining SPS from foreclosing on McMahon's property. 6/28/2016 Order, ECF No. 7. On July 11, the Court stayed the case pending the outcome of McMahon's June 2016 application. ECF No. 10. SPS denied the application ten days later, and subsequently denied McMahon's appeal. FAC ¶¶ 99-101.

Thereafter, the Court granted McMahon's motion for preliminary injunction. 8/22/2016 Order, ECF No. 17. McMahon then filed another modification application, his sixth to SPS, in

2

November 2016. FAC ¶ 102. SPS denied that application and the appeal. FAC ¶¶ 103, 107. Upon motion, the Court then dissolved the preliminary injunction. 8/24/2017 Order, ECF No. 65.

McMahon's First Amended Complaint alleges seven causes of action: (1) violation of California's Homeowners Bill of Rights ("HBOR") at California Civil Code § 2924.12; (2) violation of the Equal Credit Opportunity Act ("ECOA") at 15 U.S.C. § 1691(d)(1); (3) violation of the Real Estate Settlement Procedures Act ("RESPA") at 12 U.S.C. § 2605(e); (4) violation of RESPA Regulation X at 12 C.F.R. § 1024.41; (5) violation of RESPA Regulation X at 12 C.F.R. §§ 1024.35, 1024.36; (6) negligence; and (7) violation of California Business and Professions Code § 17200. FAC at 19-28. McMahon brought his third cause of action solely against Chase. Id. at 21-22. The Court dismissed McMahon's case against Chase entirely. 5/30/2017 Order, ECF No. 54. The Court also dismissed McMahon's first, second, and fourth claims against SPS with prejudice. 4/25/2017 Order, ECF No. 44. About a month later, the Court revised its 4/25/2017 Order and denied SPS's motion to dismiss McMahon's second claim. 5/25/2017 Order, ECF No. 53. McMahon later moved the Court to reconsider the dismissal of his first and fourth claims against SPS, which the Court denied. 8/23/2017 Order, ECF No. 64.

The foreclosure sale of McMahon's home took place on March 29, 2018. Mot. at 5. McMahon now seeks leave to file a Second Amended Complaint to include supplemental facts regarding the foreclosure sale and to add a new cause of action for the tort of wrongful foreclosure. Id. at 4. SPS opposes the motion. Opp'n, ECF No. 78.

3

II. OPINION

A. Legal Standard

Under Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave [to amend] when justice so requires." Rule 15's policy of favoring amendments to pleadings "is to be applied with extreme liberality." Desertrain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014) (internal quotations and citation omitted). In deciding a request for leave to amend, a court considers "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Id. (quoting Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 1999)). SPS does not argue bad faith. The remaining factors are evaluated in turn.

B. Analysis

1. Undue Delay

In general, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981). SPS, citing inapplicable California case law, argues undue delay because McMahon filed his initial Complaint over two years ago and the foreclosure sale of his home occurred more than seven months prior to his motion. Opp'n at 4. However, the additional facts and cause of action for which McMahon seeks leave to amend did not arise until the foreclosure and the seven-month time gap does not constitute an undue delay.

2. Prejudice to Defendants

The consideration of prejudice to the opposing party is the "touchstone" inquiry in determining a motion for leave to amend.

Owens v. Walgreen Co., No. 2:12-419-WBS-JFM, 2012 WL 2359996, at *2 (E.D. Cal. June 20, 2012). "Prejudice exists where amendment will significantly hinder a defendant's ability to defend against the plaintiff's claims, as in cases where the defendant has no notice, discovery has already been completed, or when the amendment will require relitigation of significant issues." Id. (citing Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1161 (9th Cir. 1989)). SPS does not argue prejudice itself, but rather cabins the prejudice argument within the undue delay argument and fails to explain how the proposed amendment would hinder its ability to defend against McMahon's claims. Opp'n at 4. Moreover, as of filing of the instant motion, the Court has not yet issued a scheduling order, no discovery has occurred, and no trial date has been set. SPS would not suffer prejudice if the Court grants McMahon leave to amend.

### 3. Previous Amendment

McMahon previously amended his Complaint, as of right, in February 2017, within 21 days of Defendants filing motions to dismiss. The facts and cause of action related to the foreclosure sale did not arise before that first amendment. Thus, this factor does not weigh against granting leave to amend.

### 4. Futility of Amendment

Futility of amendment can, by itself, justify the denial of a motion for leave to amend. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656

5

(9th Cir. 2017) (quoting Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)). Plaintiff's proposed Second Amended Complaint premises the cause of action for wrongful foreclosure on Defendants' alleged failures to properly perform an evaluation for loss mitigation and to provide a permanent loan modification prior to the foreclosure sale. Proposed Second Amended Compl., Ex. 1 to ECF No. 77, ¶¶ 173-185. SPS's primary argument in opposing leave to amend is that such amendment is futile because "this Court has already ruled on the merits of the allegations that Plaintiff seeks to add in the proposed SAC" and a wrongful foreclosure claim would fail. Opp'n at 5.

The elements of a wrongful foreclosure claim are: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." Miles v. Deutsche Bank Nat'l Tr. Co., 236 Cal. App. 4th 394, 408 (Cal. Ct. App. 2015) (quoting Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 104 (Cal. Ct. App. 2011)).

SPS argues that McMahon's wrongful foreclosure claim fails to allege an illegal, fraudulent, or willfully oppressive sale. Opp'n at 6. The Court agrees. First, the wrongful foreclosure claim is premised on Defendants' alleged violations of HBOR (Cal. Civ. Code § 2923.6(c),(d),(f)(2)) and RESPA Regulation X (12 C.F.R. § 1024.41). Proposed Second Amended Compl., ¶¶ 173-185.

6

However, the Court has already dismissed McMahon's claims as to those alleged violations.  4/25/2017 Order; 5/30/2017 Order.  Second, McMahon also argues the foreclosure was wrongful because it violated rules prohibiting dual tracking—the practice by which a lender processes a loan modification while simultaneously commencing foreclosure.  Reply, ECF No. 80, at 6-7 (discussing Majd v. Bank of Am., N.A., 243 Cal. App. 4th 1293, 1302–1307 (Cal. Ct. App. 2015), as modified (Jan. 14, 2016)).  McMahon's reliance on Majd, however, is misplaced.  In Majd, the foreclosure took place while the servicer was reviewing the loan modification application.  Id.  Here, McMahon's sixth modification request to SPS had already been resolved and denied at the time of the foreclosure sale.  FAC ¶¶ 103, 107.

Thus, because the proposed pleading would fail to state a claim for wrongful termination, amendment is futile.

III.  ORDER

For the reasons set forth above, the Court DENIES Plaintiff's motion to amend (ECF No. 77).

IT IS SO ORDERED.

Dated: December 7, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE